VIRGINIA: IN THE CIRCUIT COURT FOR THE COUNTY OF TAZEWELL

| | |
|---|---|
| Jerry Vance<br>382 Edgewater Drive<br>Cedar Bluff, VA 24609<br><br>and<br><br>Fran Vance<br>382 Edgewater Drive<br>Cedar Bluff, VA 24609<br><br>    *Plaintiffs,*<br><br>v.<br><br>Wells Fargo Bank, N.A.<br>R/A Corporation Service Company<br>Bank of America Center, 16th Floor<br>1111 E. Main Street<br>Richmond, VA 23219<br><br>and<br><br>Professional Foreclosure Corporation of Virginia<br>R/A CT Corporation System<br>4701 Cox Road, Suite 285<br>Glen Allen, VA 23060<br><br>    *Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) COMPLAINT<br>)<br>)<br>)<br>)<br>) Case No: CL17-929<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Complaint and Request for Preliminary Injunction**

To the Honorable Judge of Said Court:

  Pursuant to Virginia Law, Plaintiffs, Jerry Vance ("Mr. Vance") and Fran Vance ("Mrs. Vance") file this Complaint, and state upon information and beliefs as follows:

**I. Parties**



1. Plaintiffs are natural persons who reside in the Commonwealth of Virginia at 382 Edgewater Drive ("the property") in the city of Cedar Bluff, Virginia.

2. Wells Fargo Bank, N.A. ("Wells Fargo"), is a for profit business entity doing business in the Commonwealth of Virginia.

3. Professional Foreclosure Corporation of Virginia ("Substitute Trustee"), as substitute trustee, is a for profit business entity doing business in the Commonwealth of Virginia.

## II. Facts

4. Plaintiffs own a tract of land in the City of Cedar Bluff which is described as follows:

    All that certain lot containing 0.75 acres situate on the County Road between Richlands and Cedar Bluff, Tazewell County, Virginia, and being a part of the property which said Mattie P. Williams inherited from her father, Dr. James Peery, and bound and described as follows: BEGINNING at a stake in east line of County Road right of way, thence, with said road N. 54? 40' W. 54 feet, N. 38? 15' W. 29.4 feet, N. 28? 35' W. 50.4 feet, N. 21? 20' W. 66.6 feet, N. 12? 50' W. 121 feet. Thence leaving road S. 88? 40' E. 197.2 feet, to a stake in line of Altizer Subdivision and with same S. 12? 25' W. 257.8 feet to the BEGINNING, line bearing S. 82? 40' E. 197.2 feet being in line with the south boundary line of an existing street in the Altizer Subdivision. AND further described in the above Deed of Trust. (Tax Map No. 106-A4-A-0015)

5. Plaintiffs entered into a mortgage loan contract ("the loan") in July of 2005 in which the Plaintiffs were the borrowers. The loan was evidenced by a note ("the Note") and secured by a deed of trust ("the Deed of Trust"), both of which were valid contracts signed by the Plaintiffs.

6. The deed of trust sets forth the following:

    *"This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law."*

7. The deed of trust defines "Applicable Law" as "all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions."

8. The Plaintiffs fell behind in 2013, after Mrs. Vance experienced extreme heart conditions that caused her to constantly be ill. Due to this issue, she was unable to keep a steady income.

9. In addition, the Plaintiffs experienced a reduction in income due to high cost car repairs which added to their financial strain.

10. Even though the Plaintiffs were struggling financially, they still made payments to Wells Fargo every other month in hopes of keeping their loan on track.

11. In April of 2015, the Plaintiffs had no other choice than to file Chapter 13 Bankruptcy.

12. After this, the Plaintiffs were unable to afford both their high bankruptcy payments and monthly mortgage payments.

13. In addition, the Plaintiffs believed their past due mortgage payments were included in the bankruptcy and their bankruptcy attorney would be handling that issue for them.

14. Recently, the Plaintiffs have taken steps to have their bankruptcy concluded, this is when they found out their loan was in foreclosure status.

15. Mrs. Vance reached out to Heath J. Thompson P.C. ("HJPTC") to assist her with the mortgage issue.

16. A representative from HJTPC contacted Wells Fargo to submit the Plaintiffs for loss mitigation options.

17. When HJPTC reached out to Wells Fargo, they refused to speak with her due to a bankruptcy hold on the account.

18. HJPTC reached out to the Substitute Trustee, who confirmed there should no longer be a bankruptcy hold on the account.

19. Despite this, Wells Fargo representatives still refused to speak with HJTPC regarding the account.

20. Regardless, HJTPC faxed Wells Fargo a loan modification package to be reviewed by Wells Fargo.

21. Despite these ongoing issues, Wells Fargo has not postponed the upcoming foreclosure auction.

22. As of the filing of this suit, the defendant Substitute Trustee intends to sell Plaintiff's property at auction on August 8, 2017 at 4:15 p.m.

Plaintiff alleges:

### III. Violation of Regulation X

Incorporating Paragraphs 1-22:

23. Wells Fargo has violated the Real Estate Settlement Procedures Act (RESPA) Regulation X also known as 12 CFR 1024.

24. 12 CFR 1024.39(a)'s "Early Intervention Rule" requires a loan servicer to make live contact with a borrower once the borrower is thirty-six days past due on the account for the purposes of noticing them of loss mitigation options which may be available.

25. Wells Fargo did not contact Mrs. Vance regarding her loan delinquency.

26. 12 CFR 1024.41(c) requires that a loan servicer provide a delinquent borrower a written notice about loss mitigation which must be dispatched to the borrower's primary residence. In addition, this notice must be clear and conspicuous listing the loss mitigation options available and inform the borrower of her designated point of contact.

27. Wells Fargo did not dispatch any of the required written notices to Plaintiff within 45 days of her delinquency after leaving bankruptcy.

28. Plaintiff's attempts to apply for a loan modification have been frustrated by Wells Fargo's refusal to speak with counsel regarding the loan. Despite these attempts to stonewall, a full and complete loan modification package has been submitted to Wells Fargo.

29. Wells Fargo has placed and now maintains a foreclosure sale date of August 8, 2017, despite the fact that the loan should be eligible for a loan modification application review and that Wells Fargo failed to provide appropriate notice to the Plaintiffs.

30. Plaintiffs have been damaged by Wells Fargo's violation of the CFPB guidelines to the point at which they will lose her home due to Wells Fargo's negligence.

### IV. The Defendant's Actions Constitute a Breach of the Duty of Good Faith and Fair Dealing as Provided in the Deed of Trust and Note

Incorporating Paragraphs 1-30:

31. The Note and Deed of Trust are valid binding, contracts.

32. Wells Fargo has a duty to exercise its rights under the Deed of Trust and Promissory Note in good faith.

33. Every contract imposes an obligation of good faith in its performance and enforcement.

34. Wells Fargo has breached the implied covenant of good faith and fair dealing in the Note and Deed of Trust by improperly refusing to discuss a potential loan modification solution for Mrs. Vance by falsely claiming the home was in bankruptcy.

35. Additionally, Wells Fargo breached their duty of good faith by failing to service the loan in accordance with the Consumer Financial Protection Bureau's regulations, effectively making it impossible for Plaintiff to exercise her loss mitigation options.

### V. Preliminary Injunction

Incorporating Paragraphs 1-35:

36. A Preliminary Injunction in Virginia requires two elements be met. The first requirement is a showing of lack of an adequate legal remedy. The second element is a balance of hardships between the parties involved.

37. The "balancing the hardships" of the parties is divided into four factors:
    a. likelihood of irreparable harm to the plaintiff if the preliminary injection is not granted
    b. the likelihood of harm to the defendant if the preliminary injunction is granted;
    c. the likelihood the plaintiff will succeed on the merits; and
    d. the public interest.

38. There is no legal remedy available to Plaintiffs besides an injunction. A preliminary injunction would preserve the status quo until the complaint can be reviewed and the matter adjudicated, there is no other remedy at law to stop or postpone the foreclosure activity.

39. Based on the "balancing the hardships" factors, the Plaintiffs are entitled to an Injunction to stop the scheduled foreclosure sale of their home.

40. The likelihood of irreparable harm to the Plaintiffs is exponentially grave in comparison to the minor harm to the Defendants as the Plaintiffs will immediately lose their home to an improperly scheduled foreclosure sale.

41. Any harm to the Defendants would be minor as it would only consist of the costs of having to re-advertise the sale. However, this harm would be transferred to the Plaintiffs as the Deed of Trust allows for Wells Fargo to charge Plaintiff's account for any foreclosure costs and fees.

42. Plaintiffs are likely to succeed on the merits of this case as the Defendants clearly and blatantly violated the obligations and duties imposed upon them as a loan servicer and substitute trustee.

43. Finally, the actions taken by Wells Fargo and Substitute Trustee are in violation of public policy, undermine government efforts to improve the economy during the current fiscal crisis, and directly results in harm to the public good. Granting the injunction would, therefore, not adversely affect the public interest.

WHEREFORE, your Plaintiff prays that the Court ENJOIN and RESTRAIN Defendants and each of them, their servants, agents, employees or other parties acting on their behalf from instituting foreclosure proceedings on the instant property until such time as this Complaint may be adjudicated. Any foreclosure action taken by Defendant Bank should be deemed non-enforceable. Plaintiff also requests compensatory damages against Wells Fargo Bank, N.A. in the amount of TWENTY-FIVE THOUSAND DOLLARS AND NO CENTS ($25,000.00).

Respectfully Submitted,
**Jerry Vance**
**Fran Vance**

Of Counsel:

Palmer E. Hurst, VSB #90804
Heath J. Thompson VSB#66748
Counsel for Plaintiff
Heath J. Thompson, P.C.
4224 Holland Road Suite 108
Virginia Beach, VA 23452
757-480-0060 (o)
757-257-0088 (f)
Palmer@heaththompson.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3rd day of August, 2017, I caused the foregoing Complaint to be served via personal service and Sheriff's Service on:

Wells Fargo Bank, N.A.
R/A Corporation Service Company
Bank of America Center, 16th Floor
1111 E. Main Street
Richmond, VA 23219

and

Professional Foreclosure Corporation of Virginia
R/A CT Corporation System
4701 Cox Road, Suite 285
Glen Allen, VA 23060

Palmer E. Hurst, VSB #90804
Heath J. Thompson, VSB# 66748
Heath J. Thompson, P.C.
4224 Holland Road Suite 108
Virginia Beach, VA 23452
757-480-0060 (O)
757-257-0088 (F)
Palmer@heaththompson.com

**VIRGINIA:**

## IN THE CIRCUIT COURT OF THE COUNTY OF TAZEWELL

| |
|---|
| **JERRY VANCE,** *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> **WELLS FARGO BANK, N.A.,** *et al.*, <br><br> *Defendants*. |

CL17-929

### DEMURRER

COMES NOW the Defendant, Professional Foreclosure Corporation of Virginia, as Substitute Trustee ("PFC"), by counsel, and pursuant to Virginia Code § 8.01-273, demurs to the Complaint and Request for Preliminary Injunction ("Complaint") filed by the Plaintiffs, Jerry Vance and Fran Vance, for failing to state a claim upon which relief demanded can be granted and, in support thereof, states as follows:

1. Plaintiffs' Complaint fails to plead any factual allegations against PFC that would impute liability for conduct or wrongdoing in its sole capacity as substitute trustee. Instead, Plaintiffs' action primarily focuses on the conduct of Wells Fargo Bank, N.A. in their three causes of action.

2. Plaintiffs' claim of a "Violation of Regulation X" should be dismissed with prejudice as to PFC. The review of a borrower's ability to obtain loan modification falls outside the scope of a trustee's duties defined by the Deed of Trust and Virginia Code § 55-59 et seq. On the same grounds, the Court should also dismiss the negligence claim against PFC. "A plaintiff who seeks to establish actionable negligence must plead the existence of a legal duty,

violation of that duty, and proximate causation which results in injury." *Graves v. Mortg. Elec. Registration Sys.*, 2011 Va. Cir. LEXIS 97, at *14 (Fairfax County) (citing *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 132 (2000)). Although an allegation of negligence is sufficient without specifying the particulars of negligence, *see* Va. Sup. Ct. R. 3:18, a plaintiff must still allege facts sufficient to support each element. *See Rodriguez v. N. Va. Elec. Coop.*, 79 Va. Cir. 266, 270 (Loudoun 2009) (Chamblin, J.). Here, the Plaintiffs utterly fail to prove any of the elements in support of a negligence claim, which the Court should therefore dismiss with prejudice.

3. Plaintiffs' claim for "breach of the duty of good faith and fair dealing as provided in the Deed of Trust and Note" should be dismissed with prejudice as to PFC. The overwhelming majority of Virginia's federal courts refuse to impose duties not found in the deed of trust. In *Carter v. Countrywide Home Loans, Inc.*, for example, the U.S. District Court for the Eastern District of Virginia held that "[u]nder Virginia law, . . . deeds of trust are treated under the same principles as contracts, and the trustee only owes those duties that are listed in the deed of trust itself." 2008 U.S. Dist. Lexis 67014 (E.D. Va. Sept. 2, 2008); *see also Horvath v. Bank of N.Y., N.A.*, U.S. Dist. Lexis 19965, at *5 (E.D. Va. Jan, 2010) aff'd, 641 F.3d 617 (4th Cir. 2011) ("Trustees only owe duties listed in the deed of trust."). Virginia's courts have used this limitation to reject the assertion that the trustee bears generalized duties, as the Plaintiffs have done here.

4. Plaintiffs' claim for a preliminary injunction should be dismissed with prejudice. The time and date of the scheduled foreclosure sale has lapsed, and the basis for such extraordinary remedy is inherently moot. Additionally, there is no substantial likelihood that the

Plaintiffs will succeed on the merits, considering the arguments made in this pleading and those that will have been made by the Defendant, Wells Fargo Bank, N.A.

5. Pursuant to Rules 3:8 and 4:11 of the Rules of the Supreme Court of Virginia, PFC reserves its right to file a memorandum in support of this Demurrer, absent leave of Court, at least fourteen (14) days before the hearing scheduled for its respective hearing. PFC adopts and incorporates those legal arguments that will have been made by Wells Fargo Bank, N.A. to the extent that they apply to PFC as its duly appointed substitute trustee.

WHEREFORE, the Court should sustain Defendant Professional Foreclosure Corporation of Virginia's Demurrer, dismissing the Complaint with prejudice as to each and every cause of action against them, awarding reasonable attorney's fees and costs to the extent that they are recoverable under the Promissory Note, Deed of Trust, and/or Applicable Law, and for such other and further relief that the Court deems equitable and just.

Respectfully submitted,

PROFESSIONAL FORECLOSURE CORPORATION OF VIRGINIA, as Substitute Trustee

Dated: August 25, 2017    By: _____
                                Of Counsel

Leonard C. Tengco, Esq. (VSB #76395)
SHAPIRO & BROWN, LLP
10021 Balls Ford Road, Suite 200
Manassas, Virginia 20109
(703) 449-5800 (Telephone)
(703) 449-5850 (Facsimile)
ltengco@logs.com
*Counsel for the Defendant, Professional Foreclosure Corporation of Virginia, as Substitute Trustee*

S&B File No. 14-241521

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of August, 2017, I caused a true copy of the foregoing Demurrer to be delivered by United States first-class mail, postage prepaid, to the following:

Palmer E. Hurst
4224 Holland Road, Suite 108
Virginia Beach, Virginia 23452

Wells Fargo Bank, N.A.
Corporation Service Company, R/A
Bank of America Center, 16th Floor
1111 East Main Street
Richmond, Virginia 23219

_____
Leonard C. Tengco